ABIJAH TUFTS, JUNIOR, *vs.* INHABITANTS OF LEXINGTON.

Somerset. Opinion August 12, 1881.

*Ways, repairs of.   Surveyors.   Selectmen.   Taxes.   R. S., c. 18, § 44, et seq. R. S., c. 3, § 12.   Stat. 1875 c,. 6.*

When a town has surveyors of highways duly appointed by the municipal officers as provided by R. S., c. 3, § 12, as amended by stat. 1875, c. 6, the selectmen cannot bind the town by a contract to pay for labor on the highways either in money or by allowance upon the highway tax.

When labor is performed upon the highways in pursuance of a contract with the selectmen and not under the direction of the surveyor of highways, such surveyor cannot legally allow for the same on the highway tax of the person performing such labor.

When a highway tax is returned by the surveyor as unpaid, the instruction of the selectmen to a subsequent surveyor to consider such tax as one then to be worked is without authority of law, and if it is paid to such subsequent surveyor it would not be by compulsion of law, nor to any officer of the town who had any right to receive it.

ON EXCEPTIONS and motion to set aside the verdict.

Action of assumpsit for labor and services performed in the repair of highways in the town of Lexington, amounting to $46.97, in pursuance of a contract with the selectmen in behalf of the town.

The material facts appear in the opinion.

*Ben. S. Collins*, for the plaintiff.

*Walton and Walton*, for the defendants.

DANFORTH, J. The plaintiff sets out in his writ a contract made with the selectmen of the defendant town, by virtue of which he was to perform labor in repairing the highway in the town and was to receive a compensation therefor in money.

The contract proved by his own testimony was one by which he was to receive his pay for the labor performed, by an allowance upon his highway tax. Such a variance between the allegation and proof would prevent his recovery.

2. Under the circumstances shown in this case, it would not be competent for the selectmen to bind the town either by such a contract as the one alleged, or the one proved.

The duties and liabilities of towns in relation to the repairs of ways within their limits are fixed by statute alone. For this purpose they may, as was done in this case, raise a tax to be expended in labor upon and materials for the highway, R. S., c, 18, § § 44, 45. By R. S., c. 3, § 12, as amended by the act of 1875, c. 6, when towns neglect to choose "surveyors of highways or appoint the municipal officers surveyors of highways, said officers shall appoint surveyors of highways." When surveyors are elected by the town or appointed by the municipal officers it is the duty of the selectmen to "make a written assignment of his division and limits to each surveyor of highways to be observed by him." R. S., c. 18, § 43. The case shows that the selectmen were not appointed surveyors nor were any chosen by the town; but by a vote of the town the selectmen were authorized to appoint. They did so appoint and assigned the limits to each. With this act the duties of the selectmen in relation to the highway tax ceased except in some specified instances in case of a deficiency, which are not material in this case, for no deficiency appears.

By § 44, "the assessors shall deliver to each surveyor, . . . a list of the persons and the assessments on them to be expended within his limits." The plaintiff's name and his assessment was in the list delivered to the surveyor of the district in which he resided. Thus it appears that this assessment was out of the control of the selectmen and was legally placed within that of the surveyor. It was the surveyor's duty to collect and expend it as prescribed in § 45 and the following sections. It does not change the result that he was not under oath. He was still a surveyor *de facto*, or if not it does not add to the authority of the selectmen, for if one appointed declines or fails to qualify, their duty would be simply to appoint another. As they were not surveyors no duty or authority rested upon them in regard to the expenditure of the assessment, therefore it was not competent for them to make any appropriation of it in payment for labor upon the highways, or elsewhere.

There is equally a want of authority on the part of the selectmen under these circumstances to contract for the ordinary repairs of the highways so as to make a debt against the town therefor. The assessment was the appropriation made by the town for that purpose. There was no deficiency in that respect, and therefore no other fund could be drawn upon. There was no other to be drawn from for that purpose. *Getchell* v. *Wells*, 55 Maine, 433.

3. Nor would the plaintiff be in any better condition if the contract, as he states it, were binding upon the town. His evidence shows that he was to receive pay for his labor by an allowance of the amount upon his highway tax for that year. It is true this tax was returned by the surveyor as unpaid as it was his duty to do. He was not a party to the contract, the work was not done under his direction, therefore the tax was not paid to him nor could he legally cancel it. This under the alleged contract could only be done by the selectmen. The adjustment under the contract could only be made by the parties to it. Still, if the contract was performed by the plaintiff on his part, it was in effect a payment of his tax to the extent of the value of his labor. When the tax was returned by the surveyor,

if it had not been paid it was the duty of the assessors to place the amount due in their next assessment of town taxes on such delinquent. R. S., c. 18, § 48. No other legal disposition could have been made of it. But if paid this of course could not legally be done. The case shows that it was not done. The instruction of the selectmen to a subsequent surveyor to consider the tax as one to be then worked, if true, was without authority of law. The assessors could not re-assess, or keep alive a tax in this way. The tax then has not been paid by compulsion of law, nor to any officer of the town who had any right to receive it, or legally to enforce it. *Ingalls* v. *Auburn*, 51 Maine, 352–4. Nor does it appear that the surveyor undertook to enforce it. It was not paid in money, and if paid in labor a second time it was a voluntary payment on the part of the plaintiff and would give him no cause of action under any count in his writ.

As by his own showing the plaintiff cannot maintain his action under any count in his writ, the entry must be,

*Motion sustained.*

APPLETON, C. J., WALTON, BARROWS, PETERS and LIBBEY, JJ., concurred.